IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Torrance Anthony Gantt, )<br>)<br>)<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>Donald V. Myers, )<br>)<br>)<br>   Defendant. )<br>_____) | Civil Action No. 8:16-150-JMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The *pro se* plaintiff is a resident of Columbia, South Carolina.  The defendant is the Solicitor for the Eleventh Judicial Circuit of South Carolina, which includes Saluda County.  The plaintiff's son was murdered in Saluda County (doc. 1 at 4).  According to the plaintiff, the murder was committed by his son's mother, Renata Hill, and her paramour, Kendell L. Abney (*id*. at 5, 13).   The plaintiff indicates that, prior to the murder, he had attempted to get various state agencies, including the South Carolina Department of Social Services, to intervene to protect his son from the mother's violent acts (*id*. at 5–6).  The plaintiff sought criminal charges against Renata Hill, but no charges were filed with respect to the death of the plaintiff's son (*id*. at 6–8).  The plaintiff also complains about his arrest, conviction, and imprisonment for possession of marijuana (*id*. at 9) and about the failure of state agencies to comply with his Freedom of Information requests (*id*. at 11–12).  In his prayer for relief, the plaintiff seeks one hundred million dollars, relief from his conviction of driving under suspension-third offense, reinstatement of his driver's license, and a "fair trial" for his son in order to convict his "murderer and their accessor" (*id*. at 13–16).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C.

§ 1915.  The plaintiff is a *pro se* litigant, and thus the plaintiff's pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

As a private citizen, the plaintiff does not have standing to seek criminal charges for the death of his son.  In this civil rights action, the plaintiff cannot obtain a criminal investigation or criminal charges.  *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); and *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981), which arose in South Carolina.  In *Leeke v. Timmerman*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards.  The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants.  The Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons.  *Leeke*, 454 U.S. at 86–87.  Moreover, in its opinion in *Leeke v. Timmerman*, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina.  *See id.*, 454 U.S. at 87 n. 2 (citing *State v. Addison*, 2 S.C. 356, 364 (1871) ("Save for the just and proper vindication of the law, no one has an interest in the conviction of the prisoner.  The prosecuting officer speaks for the State, and, if the motion is to be made for the removal of the trial on behalf of the State, it should be by him, and induced

2

by his judgment.  He is responsible for all errors in the official discharge of his duty, and he must be uncontrolled in the exercise of it.")).

In any event, Solicitor Myers has Eleventh Amendment immunity for actions taken in his official capacity, including a decision not to prosecute Renata Hill and Kendell L. Abney.  *See Brown v. Lieutenant Governor's Office on Aging*, 697 F. Supp. 2d 632, 635 (D.S.C. 2010) (citing *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995)).    In his personal capacity, Solicitor Myers has prosecutorial immunity.  *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344–49 (2009); and *Dababnah v. Keller-Burnside*, 208 F.3d 467, 471–72 (4th Cir. 2000).

With respect to his convictions for possession of marijuana and driving under suspension, the plaintiff's claims are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), because a right of action has not accrued.

Solicitor Myers cannot be held responsible for actions of other state agencies, such as the South Carolina Department of Social Services or the Saluda County Sheriff's Department.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)); and *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 (4th Cir. 1977).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

January 20, 2016                                    s/ Kevin F. McDonald
Greenville, South Carolina                    United States Magistrate Judge

3

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).