IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Torrance Anthony Gantt, ) | |
| ) | Civil Action No. 8:16-cv-00150-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Donald V. Myers, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, proceeding pro se, brings this action, (ECF No. 1), seeking one hundred million dollars as relief for his conviction of driving under suspension-third offense, reinstatement of his driver's license, and a "fair trial" for his son in order to convict his "murderer and their accessor." (ECF No. 1 at 4.) This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 10), filed on January 20, 2016, recommending that Plaintiff's action, (ECF No. 1), be dismissed without prejudice and without service of process. The court **ADOPTS** the Magistrate Judge's Report, (ECF No. 10), *but* **DISMISSES** Plaintiff's action with prejudice and without service of process.

I.      RELEVANT FACTUAL BACKGROUND

Plaintiff alleges that his son was murdered by the son's mother, Renata Hill, and her paramour, Kendell L. Abney. (ECF No. 10 at 1.) Plaintiff sought criminal charges against Renata Hill, but no charges were filed. (*Id.*) Plaintiff was later convicted for possession of marijuana and for driving under suspension-third offense. (*Id.* at 3.) Plaintiff now files his Complaint, (ECF No. 1), against Donald Myers, the Solicitor for the Eleventh Judicial Circuit for South Carolina, seeking one hundred million dollars as relief for his conviction of driving under suspension,

reinstatement of his driver's license, and a "fair trial" for his son in order to convict his "murderer and their accessor." (*Id.* at 1.)

## II.     LEGAL STANDARD

The Magistrate Judge's Report was made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III.    ANALYSIS

The Magistrate Judge recommends that Plaintiff's action be dismissed because Plaintiff does not have a judicially cognizable interest in the prosecution or non-prosecution of another person, Solicitor Myers has an Eleventh Amendment immunity for actions taken in his official capacity, and Plaintiff's conviction claims have not accrued. (*See* ECF No. 10.)

Plaintiff objects to the Report because his due process rights have been violated based on the fact that he did not receive a response from the opposing party and his case is not frivolous. (*See* ECF No. 13.)

Under 28 U.S.C. § 1915(d), the district court first considers whether an in forma pauperis complaint is frivolous or malicious before authorizing issuance of the summons and service of the complaint. *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 453 (3d Cir. 1996). Plaintiff has not received a response from the opposing party because the court has not

authorized the issuance of the summons and service of the complaint. The Magistrate Judge recommended that Plaintiff's claim be dismissed without service of process because the claim is frivolous. This court agrees with the Report.

A frivolous complaint under 28 U.S.C. § 1915 is one that either lacks an arguable legal basis or the factual allegations are clearly baseless. *See McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009). Here, Plaintiff's claims are frivolous because they lack an arguable legal basis. Plaintiff cannot bring a suit for a trial to convict his son's mother and her paramour because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Further, Plaintiff cannot bring a suit seeking one hundred million dollars for his conviction and reinstatement of his license because "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under [28 U.S.C.] § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

Moreover, the Solicitor has Eleventh Amendment immunity for actions taken in his official capacity, *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995), as well prosecutorial immunity for all "actions that are intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009). Here, Plaintiff cannot bring this cause of action against the Solicitor for not prosecuting his son's mother and for convicting Plaintiff because the Solicitor has prosecutorial and Eleventh Amendment immunity. Since Plaintiff's claims do not have a legal basis, they are considered frivolous under 28 U.S.C. § 1915(d) and the court does not authorize the issuance of the summons and service of the complaint.

## IV. CONCLUSION

After a thorough review of the Report and the record, the court **ADOPTS** the Magistrate Judge's Report, (ECF No. 10), but **DISMISSES** Plaintiff's action, (ECF No. 1), with prejudice and without service of process for the reasons discussed herein.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 5, 2016
Columbia, South Carolina

4